263 F.3d 963 (9th Cir. 2001)
 SAN FRANCISCO BAYKEEPER; CITIZENS COMMITTEE TO COMPLETE THE REFUGE; MICHAEL R. LOZEAU, PLAINTIFFS-APPELLEES,
v.
CARGILL SALT DIVISION; CARGILL, INCORPORATED, DEFENDANTS-APPELLANTS,
And
MORTON SALT, DEFENDANT.
SAN FRANCISCO BAYKEEPER; CITIZENS COMMITTEE TO COMPLETE THE REFUGE, PLAINTIFFS-APPELLANTS,
and
MICHAEL R. LOZEAU, PLAINTIFF,
v.
CARGILL SALT DIVISION; CARGILL, INCORPORATED, DEFENDANTS-APPELLEES,
and
MORTON SALT, DEFENDANT.
SAN FRANCISCO BAYKEEPER; CITIZENS COMMITTEE TO COMPLETE THE REFUGE; MICHAEL R. LOZEAU, PLAINTIFFS-APPELLEES,
v.
CARGILL SALT DIVISION; CARGILL, INCORPORATED, DEFENDANTS-APPELLANTS,
And
MORTON SALT, DEFENDANT.
SAN FRANCISCO BAYKEEPER; CITIZENS COMMITTEE TO COMPLETE THE REFUGE, PLAINTIFFS-APPELLANTS,
and
MICHAEL R. LOZEAU, PLAINTIFF,
v.
CARGILL SALT DIVISION; CARGILL, INCORPORATED; MORTON SALT, DEFENDANTS-APPELLEES.
 No. 99-16032, 99-16105, 00-15617, and 00-15738
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted July 9, 2001
Filed August 30, 2001
 
 Leslie G. Landau, McCutchen, Doyle, Brown & Enersen, Llp, San Francisco, California, for the defendants-appellants/appellees.
 Joseph A. Hearst, Berkeley, California; Michael R. Lozeau, Stanford, California, for the plaintiffs-appellees/appellants.
 David C. Shilton, U.S. Department of Justice, Environment and Natural Resources Division, Washington, D.C.; David B. Glazer, U.S. Department of Justice, Environment and Natural Resources Division, San Francisco, California; Peter L. Gray, McKenna & Cuneo, Llp, Washington, D.C.; Gary J. Kushner, Hogan & Hartson, Llp, Washington, D.C.; James N. Christman, David O. Ledbetter, Hunton & Williams, Richmond, Virginia; Paul B. Campos, San Ramon, California; Jeffrey R. Chanin, Keker & Van Nest, Llp, San Francisco, California; Jocelyn D. Larkin, Berkeley, California, for the amici curiae.
 Appeal from the United States District Court for the Northern District of California Charles A. Legge, District Judge, Presiding. D.C. No. CV-96-02161-CAL
 Before: William C. Canby, Jr., Michael Daly Hawkins, and Ronald M. Gould, Circuit Judges.
 
 ORDER
 
 1
 Two major developments, in the form of United States Supreme Court decisions, have occurred since the district court rendered its decision in this action brought under the Clean Water Act, 33 U.S.C. §§§§ 1251-1376, and they require that we vacate the judgment and remand for further proceedings.
 
 
 2
 First, the Supreme Court decided Solid Waste Agency of Northern Cook County v. United States Army Corps of Engineers, 531 U.S. 159 (2001), in which it invalidated the Corps' "Migratory Bird Rule," 51 Fed. Reg. 41206, 41217, as a basis of jurisdiction under the Clean Water Act. Without benefit of this decision, the district court relied on the Environmental Protection Agency's identical "Migratory Bird Rule," 53 Fed. Reg. 20,764, 20,765, to find jurisdiction in this case.
 
 
 3
 Second, the Supreme Court decided Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc. , 528 U.S. 167 (2000), in which it made clear that a private plaintiff seeking relief from present or future violations of the Clean Water Act may seek civil penalties. Without benefit of this decision, the district court determined that plaintiffs in this case had no standing to seek civil penalties.[1]
 
 
 4
 The first of these decisions has made us uncertain whether the Clean Water Act confers jurisdiction in this case. Alternative grounds for finding jurisdiction have been urged by plaintiffs, but we conclude that the record is insufficiently developed for us to rule on those alternative grounds. We therefore remand the matter to the district court to consider, in such further proceedings as the district court deems appropriate for the purpose, whether alternative grounds for jurisdiction exist, and whether, if so, such grounds have previously been waived or abandoned by plaintiffs. We express no opinion on any of these matters.
 
 
 5
 Because the attorneys' fee award depends upon the main appeal, we vacate that award and remand the fee matter to the district court for redetermination in light of the other proceedings on remand.
 
 
 6
 If the district court determines that it has jurisdiction, it can then address the remaining issues that may have been affected by the intervening events listed above, or by its jurisdictional determination on remand, and can enter judgment accordingly.
 
 
 7
 This panel will accept jurisdiction of any future appeal.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 Notes:
 
 
 [1]
 On the other hand, Laidlaw supports the district court's determination, challenged by defendants on appeal, that plaintiffs had representational standing based on the standing of one of their members. See Laidlaw, 528 U.S. at 181; Ecological Rights Foundation v. Pacific Lumber Co., 230 F.3d 1141, 1147 & n.5 (9th Cir. 2000).